# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41212
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERICK RESENDEZ-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-450-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Erick Resendez-Rodriguez appeals his 71-month sentence following his guilty plea conviction of illegal reentry following deportation after conviction of an aggravated felony. He argues that his within-guidelines sentence is substantively unreasonable because it is greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41212

It is unclear whether Resendez's failure to formally object to the reasonableness of the sentence after it was imposed results in plain error review. *See United States v. Rodriguez*, 523 F.3d 519, 526 n.1 (5th Cir. 2008) (reviewing under the abuse of discretion standard of review where the arguments were presented to the district court). We need not decide the issue because Resendez is not entitled to relief even if his sentence is reviewed for an abuse of discretion.

The record reflects that the district court considered the advisory guidelines range of imprisonment, Resendez-Rodriguez's arguments for a more lenient sentence, and the § 3553(a) factors before determining that a within-guidelines sentence was appropriate. "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007). Resendez-Rodriguez has not shown that the district court failed to give proper weight to his arguments or to any particular § 3553(a) factor. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He has failed to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See Alonzo*, 435 F.3d at 554-55; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.